IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**DORALIZ CASARES ROSADO**
and **CARLOS I. GONZALEZ**, her husband,

Case No: _____

      Plaintiffs,

v.

**UNITED STATES OF AMERICA,**

      Defendant.
_____/

### COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

The Plaintiffs, **DORALIZ CASARES ROSADO** and **CARLOS I. GONZALEZ**, her husband, by and through their undersigned attorney, sue the Defendant, UNITED STATES OF AMERICA, and the Plaintiffs allege as follows:

### JURISDICTION, VENUE AND INTRODUCTION

1. Plaintiffs, **DORALIZ CASARES ROSADO** and **CARLOS I. GONZALEZ**, bring this complaint against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Section 1346(b).

2. Formal Notice of this claim was made upon the Defendant, UNITED STATES OF AMERICA, through the Department of Health and Human Services, General Counsel, Claims Office of the Defendant, UNITED STATES OF

AMERICA, by submitting Form 95-109 , dated October 15, 2020, within the Statute of Limitations.  See **Composite Exhibit "1"**, Standard Form 95.

3. The Plaintiffs Formal Notice was delivered on October 16, 2020 and acknowledgment of such delivery was received.  See **Composite Exhibit "2",** Delivery Confirmations and December 11, 2020 Acknowledgment of Administrative Tort Claims by Department of Health and Human Services, General Counsel, Claims Office of the Defendant, UNITED STATES OF AMERICA.

4. The timeframe of six (6) months expired on April 13, 2021, for a response by Department of Health and Human Services, and therefore, is deemed denied.  Therefore, the Plaintiffs have exhausted their claims by filing the required forms with the Defendant and having their claims denied.

5. The Complaint is being filed within the applicable statute of limitations.

6. This action seeks damages for physical injuries suffered by **DORALIZ CASARES ROSADO** as a result of negligent medical care and treatment at Family Health Centers of Southeast Florida, Inc., on July 10, 2019.

2

HALBERG & FOGG, PLLC, ATTORNEYS AT LAW
BARRISTERS BUILDING, SUITE 3B, 1615 FORUM PLACE, WEST PALM BEACH, FL 33401 ● TEL. (561) 616-3000

7. This Court has subject matter jurisdiction over this claim against the UNITED STATES OF AMERICA for money damages pursuant to 28 U.S.C. Section 1346(b).

8. The acts and/or negligence giving rise to this claim occurred in the Middle District of Florida. Venue is proper under 28 U.S.C. Section 1402(b).

9. Family Health Centers of Southeast Florida, Inc. is a Federal Qualified Health Center located in Lee County, Florida.

10. All pre-requisites to filing this Complaint have been timely satisfied.

## PARTIES

11. Plaintiff **DORALIZ CASARES ROSADO** at all times relevant hereto was and is a resident of Lee County, Florida.

12. Plaintiff **CARLOS I. GONZALEZ** at all times relevant hereto was and is a resident of Lee County, Florida.

13. Plaintiffs, **DORALIZ CASARES ROSADO** and **CARLOS I. GONZALEZ**, at all times relevant hereto were married.

14. At all times material hereto, Defendant, **UNITED STATES OF AMERICA,** by Federal statute, is responsible under the Federal Torts Claim Act

3

HALBERG & FOGG, PLLC, ATTORNEYS AT LAW
BARRISTERS BUILDING, SUITE 3B, 1615 FORUM PLACE, WEST PALM BEACH, FL 33401 ● TEL. (561) 616-3000

for any negligent acts and omissions of employee, agents and apparent agents of Family Health Centers of Southeast Florida, Inc.

15. Juan Pablo Richiusa, M.D. was either an employee, agent, or servant of Family Health Centers of Southeast Florida, Inc., a Federal Qualified Health Center, which is covered under the provisions of the Federal Tort Claims Act.

16. Jeffry L. Garner, M.D., was either an employee, agent, or servant of Family Health Centers of Southeast Florida, Inc., a Federal Qualified Health Center, which is covered under the provisions of the Federal Tort Claims Act.

17. At all times material to this cause of action, other unknown and unnamed medical staff provided care and treatment to **DORALIZ CASARES ROSADO**, who were the agents, servants, and/or employees of Family Health Centers of Southeast Florida, Inc. and were acting on behalf of Family Health Centers of Southeast Florida, Inc. and were within the course and scope of their agency and under its control.

18. Defendant UNITED STATES OF AMERICA is sued for **DORALIZ CASARES ROSADO's** personal injuries caused by the negligence or wrongful acts of employees and/or agents of Family Health Centers of Southeast Florida, Inc. Those employees and/or agents were acting within the scope of their office or

4

HALBERG & FOGG, PLLC, ATTORNEYS AT LAW
BARRISTERS BUILDING, SUITE 3B, 1615 FORUM PLACE, WEST PALM BEACH, FL 33401 ● TEL. (561) 616-3000

employment during all times referenced hereto. Under the circumstances, the UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of Florida. *See* 28 U.S.C. Section 1346(b).

## FACTUAL ALLEGATIONS

19. On July 10, 2019, at approximately 6:00 a.m., **DORALIZ CASARES ROSADO**, a 40-year-old female, presented to Gulf Coast Medical Center for a scheduled outpatient laparoscopic removal of her uterus.

20. **DORALIZ CASARES ROSADO's** attending physician and surgeon at that time was documented as Juan Pablo Richiusa, M.D. Dr. Richiusa was either an employee, agent, or servant of Family Health Centers of Southeast Florida, Inc., a Federal Qualified Health Center, which is covered under the provisions of the Federal Tort Claims Act.

21. **DORALIZ CASARES ROSADO's** assisting surgeon was documented as Jeffry L. Garner, M.D. Dr. Garner was either an employee, agent, or servant of Family Health Centers of Southeast Florida, Inc., a Federal Qualified Health Center, which is covered under the provisions of the Federal Tort Claims Act.

5

HALBERG & FOGG, PLLC, ATTORNEYS AT LAW
BARRISTERS BUILDING, SUITE 3B, 1615 FORUM PLACE, WEST PALM BEACH, FL 33401 ● TEL. (561) 616-3000

22. At 9:40 a.m., **DORALIZ CASARES ROSADO's** laparoscopic surgery began and near the conclusion of the surgery, Dr. Richiusa removed the Foley catheter, performed the cystoscopy and visualized the dome of the bladder to be intact. However, Dr. Richiusa also found what he described as a bloody tinge fluid.

23. It was at that time that some of the fluid was removed and Dr. Richiusa discovered what he described as a cystotomy injury to the posterior aspect of the bladder.

24. Nonetheless, Dr. Richiusa minimized the extent of the injury, placed the FloSeal at the operative site, closed the incisions and placed vaginal packing.

25. **DORALIZ CASARES ROSADO's** right ureteral was significantly injured during her surgery.

26. Additionally, appropriate care was not provided to **DORALIZ CASARES ROSADO** to prevent the potential for further injury as more fulling described herein.

27. No further action was taken by the healthcare providers rendering care and treatment to **DORALIZ CASARES ROSADO** to remedy her injured

HALBERG & FOGG, PLLC, ATTORNEYS AT LAW
BARRISTERS BUILDING, SUITE 3B, 1615 FORUM PLACE, WEST PALM BEACH, FL 33401 ● TEL. (561) 616-3000

right ureteral. These failures resulted in a delay of treatment, as well as risk of further injury and infection to **DORALIZ CASARES ROSADO**.

28. Dr. Richiusa did not request a urology consult during the surgery, which was needed to assess and repair the damages that was done to her right ureteral.

29. As a result of Defendant's negligence, **DORALIZ CASARES ROSADO** has suffered, and continues to suffer in the future, from severe injuries, including but not limited to, multiple additional surgeries, bladder neck and bladder prolapse requiring complete transection with pelvic exploration finding urine and free fluid in the pelvis, full dissection and reimplantation of the ureter to the right side of the bladder and stent placement.

30. **DORALIZ CASARES ROSADO** has suffered, and continues to suffer in the future, pain and suffering, additional medical procedures and medical care as a result of the negligence of Dr. Richiusa, and further damage.

## COUNT I NEGLIGENCE

The Plaintiffs adopt and re-allege paragraphs 1 through 30 and further allege:

31. As a Federal Qualified Health Center, Family Health Centers of Southeast Florida, Inc. is covered under the provisions of the Federal Tort Claims Act.

32. At all times material to this cause of action, the Defendant, UNITED STATES OF AMERICA, through the medical care providers, including but not limited to Juan Pablo Richiusa, M.D. and Jeffry L. Garner, M.D., at Family Health Centers of Southeast Florida, Inc., a licensed and accredited health center, held themselves out to the public in general and to **DORALIZ CASARES ROSADO** and **CARLOS I. GONZALEZ**, as a health center and providers that were capable of providing the duty and level of care and skill which, under the circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

33. As a direct and proximate result of the negligent acts and omissions of Juan Pablo Richiusa, M.D., Jeffry L. Garner, M.D., and other unknown medical providers employed and/or agents of Family Health Centers of Southeast Florida, Inc., **DORALIZ CASARES ROSADO** suffered permanent bodily injury, and continues to suffer in the future.

HALBERG & FOGG, PLLC, ATTORNEYS AT LAW
BARRISTERS BUILDING, SUITE 3B, 1615 FORUM PLACE, WEST PALM BEACH, FL 33401 ● TEL. (561) 616-3000

34. The aforementioned doctors, Juan Pablo Richiusa, M.D., Jeffry L. Garner, M.D., breach their duty to **DORALIZ CASARES ROSADO** by one or more of the following acts or failures to act:

   a. Failing to use reasonable and due c

   b. are in performing the laparoscopic removal of **DORALIZ CASARES ROSADO's** uterus;

   c. Failing to request stat urological consult immediately after finding the ureteral injury during **DORALIZ CASARES ROSADO's surgery**;

   d. Failing to properly advise the medical doctors as to **DORALIZ CASARES ROSADO's** condition; and

   e. Failing to act as a reasonable medical provider under the circumstances.

35. As a direct and proximate result of the negligence of the medical providers named above, the Plaintiffs make the below listed claims for damages.

## CLAIMS FOR DAMAGES FOR ALL COUNTS

36. As a direct and proximate result of the negligence of the Defendant which caused the injuries of **DORALIZ CASARES ROSADO** and **CARLOS I.**

9

HALBERG & FOGG, PLLC, ATTORNEYS AT LAW
BARRISTERS BUILDING, SUITE 3B, 1615 FORUM PLACE, WEST PALM BEACH, FL 33401 ● TEL. (561) 616-3000

**GONZALEZ**, set forth the below listed claims on behalf of themselves individually and **DORALIZ CASARES ROSADO**.

## CLAIM OF DORALIZ CASARES ROSADO

35. Plaintiff **DORALIZ CASARES ROSADO**, as a direct and proximate result of the negligence of the Defendant as set forth above, has in the past and will in the future continue to suffer the following damages:

    a. Bodily injury;

    b. Pain and suffering;

    c. Disability;

    d. Disfigurement;

    e. Loss of the capacity for the enjoyment of life;

    f. Aggravation of pre-existing conditions;

    g. Medical and hospital care and expenses;

    h. Loss of earnings;

    i. Loss of earning capacity in the future;

    j. Rehabilitation expenses; and

    k. Mental distress.

HALBERG & FOGG, PLLC, ATTORNEYS AT LAW
BARRISTERS BUILDING, SUITE 3B, 1615 FORUM PLACE, WEST PALM BEACH, FL 33401 ● TEL. (561) 616-3000

### **CLAIM OF CARLOS I. GONZALEZ**
### **AS HUSBAND OF DORALIZ CASARES ROSADO**

36. As a direct and proximate result of the negligent conduct of the Defendants that caused injury to **DORALIZ CASARES ROSADO**, **CARLOS I. GONZALEZ** has, in the past, and will in the future, continue to suffer the loss of companionship, society, love and affection, the medical expenses in the past and in the future that have and will be incurred for the injuries to **DORALIZ CASARES ROSADO**, economic loss including any earnings lost in the past and any loss of ability to earn money in the future reasonably resulting from the need to care or provide for the **DORALIZ CASARES ROSADO**.

WHEREFORE, the Plaintiffs demand judgment against the Defendant for compensatory damages in an amount in excess of the jurisdictional limits of this Court, exclusive of interest and costs, as well as any other damages and/or costs available by law.

### **DEMAND FOR JURY TRIAL**

The Plaintiffs **DORALIZ CASARES ROSADO** further demand trial by jury on all issues so triable as a matter of right.

11

HALBERG & FOGG, PLLC, ATTORNEYS AT LAW
BARRISTERS BUILDING, SUITE 3B, 1615 FORUM PLACE, WEST PALM BEACH, FL 33401 ● TEL. (561) 616-3000

DATED, this __17th___ day of May, 2021.

                              Respectfully submitted,
                              **HALBERG & FOGG, PLLC**
                              Barristers Building
                              1615 Forum Place, Suite 3-B
                              West Palm Beach, FL  33401
                              PH:  (561) 616-3000
                              FAX:  (561) 688-0775
                              Service Email: Service@HalbergLaw.com

                                    */s/ Ryan A. Fogg*
                      By_____
                                RYAN A. FOGG (68773)